Gilmer v. Eubank.

John T. Gilmer, Administrator of Thornton Wilson, Plaintiff in Error, v. William Eubank, Defendant in Error.

ERROR TO ADAMS.

Where words which are actionable in themselves, are not spoken under privileged circumstances, it is no defence, in an action of slander, that the party believed the words to be true, and was not actuated by malice in fact towards the plaintiff. The law presumes malice, which cannot be rebutted under the general issue.

This was an action of slander, commenced by Wilson against Eubank in the Adams Circuit Court. There was a trial by jury, at November term, 1849, of the Adams Circuit Court, Minshall, J., presiding, and a verdict and judgment for defendant. Wilson brought the cause to this court by writ of error. During the pendency of the suit in the Supreme Court, Wilson died, and his administrator was made a party in his stead.

The words charged to have been spoken in the declaration, were, that the plaintiff had stolen a steer belonging to the defendant. The general issue was filed as the only plea. The words were proved substantially as charged.

The instruction refused and that given, to which exceptions were taken, are copied at length in the opinion of the court.

A. Williams, for plaintiff in error.

It is sufficient to prove the substance of the words charged in the declaration. Miller v. Miller, 8 Johns. R. 74; Orwood v. Barker, 13 E. C. L. R. 424; Robison v. Willis, 3 Id. 310.

The defendant's evidence did not even tend to rebut the presumption of malice. When a person falsely charges another with a criminal offence, he does it at his peril, and it is no excuse that he believed, or had reason to believe, the charge was true. He must, in such case, show not only that he had reason to believe what he said, but that the words were spoken, on an occasion that made it proper to speak them. Usher v. Severance, 20 Maine, 9; Wallis v. Waithman, 16 E. C. L. R. 412; Rumsey v. Webb, 41; Id. 63; Wheeler v. Shields, 2 Scam. 351;

Regnier *v.* Cabot, 2 Gilman, 35; 1 Saunders's R. 130, note 1; White *v.* Nichols, 3 Howard, U. S. R. 285; Putnam *v.* Gay et al. 5 Gilman, 189.

A. WHEAT, for defendant in error.

The instruction asked by the plaintiff and refused by the court, is liable to two objections. 1st. It is too broad. The words in the second count do not of themselves impute a crime, hence the inducement, as well as the words, so far as that count is concerned, should be proved to the satisfaction of the jury. An instruction which is so general as to embrace all of the counts, when it is applicable to one only, will be refused. Porter *v.* Nash, 1 Ala. R. 452.

2d. It asks the opinion of the court upon the weight of the evidence, or assumes that there was no evidence tending to disprove malice. Malice is always the gist of the action for slander, and consequently is always a question for the jury under the plea of the general issue. McKee *v.* Ingolls, 4 Scam. R. 30.

The presumption of malice, arising from the speaking of words imputing crime, is only a rule of evidence, and consequently may be rebutted; and proof of the truth of the words, or belief in the truth of the words, rebuts this presumption. This rule is always acknowledged when the plea of justification is in. The rule requiring a plea of justification, in order to authorize proof of the truth of the words, is not therefore because evidence of their truth would be irrelevant under the plea of the general issue, but it is one adopted for the benefit of the plaintiff. The plaintiff may therefore waive his right under it, and in this case he has done so. The defendant's testimony — which, if it does not prove the truth of the words, at least tends to — was received without objection, and no motion was made to exclude it; and being relevant to the issue, it was proper for the jury to weigh it. An instruction on the part of the court, for the jury to disregard it, would have been improper. Wait *v.* Maxwell, 5 Pick. Rep. 217; Curtis *v.* Graves, 5 How. Miss. Rep. 9, 15, 16, 17, 28; Edge *v.* Keath et al. 13 S. & M. Rep. 299;

Russell v. Union Ins. Co. 1 Wash. C. C. Rep. 409, 441; Ganerman v. Wickerly, 17 Serg. & Rawle, Rep. 116.

If the foregoing views be correct, the instruction given by the court to the jury, on its own motion, as well as those given at the request of the defendant, were correct.

But supposing the court has committed error in giving or refusing instructions, the rule is that the court will not disturb a verdict for that reason, if it be sustained by the evidence, and justice has been done. Smith v. Houston, 8 Ala. Rep. 736; Bland v. The People, 3 Scam. 364; Greenup v. Stoker, 3 Gilm. 202, 216.

The plaintiff did not make out his case. The law is that the substance of the words charged must be proved, and proof of equivalent words is not sufficient. Rex v. Berry, 4 T. R. 217; Watters v. Mace, 4 E. C. L. R. 734; Olmstead. v. Miller, 1 Wend. Rep. 510; Slocumb v. Kuykendall, 1 Scam. Rep. 187; Patterson et al v. Edwards et al. 2 Gilm. 723.

BROWNING & BUSHNELL, in reply.

The words were sufficiently proven. It is not necessary to prove all, nor the precise, words laid. It is sufficient to prove their substance. If the meaning is not changed, but is the same with the words laid in the declaration, that is all that is required. Robison v. Willis, 3 Eng. C. L. Rep. 310; Orpwood v. Barkes 13 Eng. C. L. Rep. 424.

The instructions to the jury were clearly and palpably wrong. The case is made to turn upon the question of actual malice — malice in fact — which was wholly immaterial. It is no answer to an action for words imputing a felony, to say the defendant had no malice against the plaintiff. The law implies malice. It raises a conclusive presumption of it, and it is not a question to be left to the jury.

It is only in reference to privileged communications — communications made in discharge of a public or private duty, and where the occasion of speaking the words furnishes a legal excuse or justification, that the question of malice in fact can arise, and be submitted, for inquiry, to the jury.

In all ordinary actions of slander, the rule is different. The deliberate publication of calumny, which the publisher knows to be false, or has no reason to believe to be true, raises a conclusive presumption of malice. 1 Stark. on Slan. 211 to 223; 2 Stark. on Slan. 55, 86; 1 Greenl. Ev. § 18; Bromage & another *v.* Prosser, 10 Eng. C. L. R. 321; Haire *v.* Wilson, 17 Eng. C. L. R. 465; Bodwell *v.* Osgood, 3 Pick. 384.

TREAT, C. J. This was an action on the case for slander. The words laid in the declaration amounted to a charge of larceny. Plea, not guilty. The evidence tended to prove the speaking of the words as charged; and it did not appear that they were spoken in the heat of passion, or in the way of privileged or confidential communications. The court refused an instruction asked by the plaintiff, in these words: "If the jury believe, from the evidence, that the defendant spoke and published the words charged in the declaration, the law presumes that the words were spoken maliciously, with a view to injure and defame the plaintiff; and this presumption of malice is not rebutted or removed, by the evidence given by the defendant in this case." At the request of the defendant, the court gave, among other instructions, the following: "If the defendant charged the plaintiff with a felony, the law presumes malice, but this presumption of malice is not conclusive, but may be rebutted by the defendant; and if, from the whole evidence, the jury shall believe that there was no malice in fact, they should find for the defendant, notwithstanding the legal presumption of malice." The verdict and judgment were for the defendant.

Malice is the gist of the action of slander. But the term malice has a twofold signification. There is malice in law, as well as malice in fact. In the former and legal sense, it signifies a wrongful act, intentionally done, without any justification or excuse. In the latter and popular sense, it means ill-will towards a particular person; in other words, an actual intention to injure or defame him. This distinction runs through the elementary books, and the reports of adjudged cases. Starkie, in his valuable Treatise on Slander, at page 210, holds this language: " It seems to be clear, as well upon legal principles as

Gilmer v. Eubank.

on those of morality and policy, that where the wilful act of publishing defamatory matter derives no excuse or qualification from collateral circumstances, none can arise from a consideration that the author of the mischief was not actuated by any deliberate and malicious intention to injure, beyond that which is necessarily to be inferred from the very act itself. For if a man wilfully does an act likely to occasion mischief to another, and to subject him to disgrace, obloquy, and temporal damage, he must, in point of law as well as in morals, be presumed to have contemplated and intended the evil consequences which were likely to ensue." And again, on p. 219 : " It follows that every one who ventures to propagate an unfounded calumny, to the injury of the character of another, does it at his peril, and that, unless he can show some lawful excuse for publishing, that is, some cause for publishing under the particular circumstances which the law recognizes as affording a sufficient excuse, the total absence of an actual intention will not avail as a justification." In Bromage v. Prosser, 4 B. & C. 247, it was said by Bayley, J., in delivering the judgment of the court: " If I traduce a man, whether I know him or not, and whether I intend to do him an injury or not, I apprehend the law considers it as done of malice, because it is wrongful and intentional. It equally works an injury, whether I meant to produce an injury or not ; and if I had no legal excuse for the slander, why is he not to have a remedy against me for the injury it produces ? And I apprehend the law recognizes the distinction between these two descriptions of malice, malice in fact and malice in law, in actions of slander. In an ordinary action for words, it is sufficient to charge that the defendant spoke them falsely ; it is not necessary to state that they were spoken maliciously. But in actions for such slander as is *primâ facie* excusable, on account of the cause of speaking or writing it, as in the case of servants' characters, confidential advice, or communications to persons who ask it, or have a right to expect it, malice in fact must be proved by the plaintiff. But in an ordinary action for libel, or for words, though evidence of malice may be given to increase the damages, it never is considered as essential, nor is there any instance of a verdict for the defendant on the ground

of the want of malice." See also Haire *v.* Wilson, 9 B. &. C. 643, and Bodwell *v.* Osgood, 3 Pick. 380.

There is a class of cases, where the occasion of the speaking of the words may, without regard to their truth or falsity, afford an excuse or justification to the party; such, for instance, as the statements of a master respecting the character of a servant; communications addressed to the appointing power, relative to the conduct of a public officer, or concerning the qualifications of an applicant for office; expressions used in the course of a judicial proceeding, by a judge, attorney, witness, juror, or party; and communications made to others in confidence, or in the way of admonition or advice. In such cases, an action cannot be sustained without proof of actual malice. If the party acted from honest motives and for justifiable purposes, the law, from reasons of public policy, excuses him. But he is not permitted, under the pretence of discharging a duty to himself or society, to inflict an injury to the reputation of another. If he makes use of the occasion for the purpose of traducing another, the occasion will not protect him, and he will be answerable for the consequences.

But the reverse is the rule in the case of actionable words, where no excuse or justification can arise from the particular circumstances under which they were uttered. The plaintiff is not bound to prove that the charge was maliciously made; nor can the defendant relieve himself from liability by showing the absence of express malice. He makes the publication at his peril, and, if untrue, he is responsible for all the consequences naturally flowing from the act. The real motive by which he was actuated is unimportant, except upon the question of damages. The injury to the plaintiff may be as serious where the charge is made without an actual intention to defame, as if it proceeds from the most malignant motives. It would be a great reproach to the law, if a party who had causelessly ruined the reputation of another should be exempted from civil responsibility, merely because he did not design to produce such a result.

In this case, the words were actionable in themselves, and they were not published under circumstances that afforded any excuse or justification to the defendant. He was therefore liable

for the consequences, unless the plaintiff had committed the crime of larceny. And he did not by his pleadings offer to prove the truth of the charge. The existence of malice in fact was not necessary to maintain the action. The law raised the presumption of malice, and that presumption was conclusive. The court erred in refusing the instruction demanded by the plaintiff, and in giving the one asked by the defendant. The judgment must be reversed, but the cause need not be remanded. The death of the plaintiff, since the judgment was entered, will prevent a further prosecution of the suit. The cause of action died with the person. The administrator, however, had the right to prosecute this writ of error, to relieve the estate from the payment of an unjust judgment. The judgment is reversed.

*Judgment reversed.*