| 81 | 215 |
|---|---|
| 125 | 577 |
| 81 | 215 |
| 127 | 637 |
| 81 | 215 |
| 33a | 249 |
| 81 | 215 |
| 42a | 128 |
| 81 | 215 |
| 153 | 359 |
| 81 | 215 |
| 163 | 53 |
| 62a | 268 |
| 81 | 215 |
| 165 | 92 |
| 165 | 188 |
| 81 | 215 |
| 171 | 130 |
| 81 | 215 |
| 102a | ²322 |

## LAURA A. DICKSON

*v.*

## CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

1. JURISDICTION—*not lost by dismissing improper party.* Where a suit against a railway company is properly brought in a particular county, but, after a change in the law requiring such a suit to be brought elsewhere, the husband of the real plaintiff was dismissed from the suit as improperly joined, and the declaration amended so as to show this fact only, but showing no new cause of action, it was *held* that this was not, in effect, a new suit, and that the court did not lose its jurisdiction.

2. AMENDMENT—*effect on suit.* Where an improper plaintiff is dismissed from a cause, there is no occasion for refiling the declaration, or for any further plea, the cause of action being the same as before.

3. PRACTICE IN SUPREME COURT—*cross errors.* When the defendant in error does not assign cross errors, he can not insist on any errors as against him.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action on the case, by Laura A. Dickson and her husband, against the appellee, as originally brought.

Messrs. SHOPE & GRAY, for the plaintiff in error.

Messrs. JUDD & WHITEHOUSE, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was originally brought to recover for personal injuries to plaintiff, caused by the wrongful conduct of defendant's servants. When the cause was before us on a former

appeal, the judgment which had been recovered was reversed on the ground plaintiff's husband had been improperly joined with her in the action.   No other reason was assigned.

On the remandment of the cause plaintiff, by leave of court, dismissed her husband, her co-plaintiff, out of the case, and so amended the declaration to show he had been dismissed, but made no other amendment.

Defendant pleaded in abatement, the supposed cause of action, if it accrued at all to plaintiff, accrued to her in the county of McDonough, through which defendant's railroad now runs, and did run at the time, and not in the county of Fulton, or elsewhere within the jurisdiction of the court; and at the time the supposed cause of action accrued, defendant's principal office was and hitherto had been in Chicago, in the county of Cook, and not in the county of Fulton, where the action was commenced.

A demurrer to this plea was overruled, the suit abated, and judgment rendered against plaintiff for costs.

As the law then was, the original action was properly brought in Fulton county, but by a change made in the law by the act of 1872, it is now contended the court in some way lost jurisdiction of the cause, by reason of the amendment made in the declaration in dismissing plaintiff's husband out of the case, as having been improperly joined with her in the action.   Defendant had previously submitted to the jurisdiction of the court by filing a plea of not guilty, upon which a trial was had.

We do not think the proposition the court had lost jurisdiction of the cause, on account of the amendment to the declaration, can be maintained.   The error in the argument on this branch of the case consists in the assumption that when the case was dismissed as to the husband, the suit was really a new one, as if the original action had been dismissed and a new one brought by the wife alone.   It was in no sense a new suit. The husband had been improperly joined in the action with plaintiff, and all the amendment made was the dismissal of the suit as to the improper party, and hence the suit progressed

in the name of plaintiff, as though it had been commenced in her name alone.

Clearly, the amendment was authorized by the statute "to enable the plaintiff to sustain the action for the claim for which it was intended to be brought." No new cause of action was added, nor was there any occasion for re-filing the declaration, nor for any further plea. The effect of what was done was simply to dismiss an improper party out of the case, nothing more.

The case at bar bears no analogy to the case of the *Illinois Central Railroad* v. *Cobb, Christy & Co.* 64 Ill. 128. In that case new counts were added, setting up new causes of action not embraced in the original declaration, and which were barred by the Statute of Limitations. It was held, upon principle and upon authority, this could not be done, for it would substantially break down the protection intended to be secured by the statute. That case holds the reasonable doctrine that a plaintiff may re-state his cause of action by way of amendment in the pending action, without its being obnoxious to the objection of introducing new causes of action. Even that has not been done in the case we are considering. The cause of action is exactly the same as it was before the amendment to the declaration. The suit was brought to recover for personal injuries to plaintiff, and the amendment allowed was to enable her "to sustain the action for the claim for which it was intended to be brought." The plea, therefore, showed no cause for abating the suit, and the judgment in that regard is erroneous.

Defendant insists the court erred in permitting the cause to be reinstated under the mandate of this court, but as no cross-errors have been assigned, we will not now consider that branch of the case.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*