EBENEZER B. MITCHELL

*v.*

JOHN H. MILHOLLAND.

*Filed at Springfield March 29, 1883.*

1. EVIDENCE—*proof of the reversal of a decision relied on, by a higher tribunal.* Where one party on the trial of a cause introduces in evidence and relies on the decision of the presbytery as having a bearing upon the merits of the case, there is no error in allowing the opposite party to show the proceeding of the synod, a higher church tribunal, reversing and annulling that decision, the synod being invested with power to decide the question involved.

2. SLANDER—*malice implied from speaking actionable words.* In an action for slander, in which a plea of justification was interposed, the court instructed the jury, in substance, that the words "he perjured himself," "you swore to a lie," (having reference to the plaintiff's testimony in a suit,) when spoken concerning a person in the hearing of others, are what the law terms "actionable words," and from the speaking of such words the law implies malice, and presumes that the person concerning whom the words are spoken is damaged: *Held,* that the instruction stated the law correctly.

3. SAME—*malice in fact need not be proved.* In an action for slander the law does not require malice in fact to be proven, as malice is implied from the speaking of slanderous words.

4. INSTRUCTION—*plaintiff need not anticipate defence.* The plaintiff is only obliged to state the law correctly in his instructions applicable to his theory of the case, and is not bound, in every instruction, to anticipate and exclude every possible defence.

5. So in an action for slander, when the speaking of the words were jus-
tified as true, an instruction that the words charged were actionable, and
imported malice, is not erroneous as ignoring the fact of the truth of the
words spoken, especially when the jury are instructed for the defence that
if they find the words spoken are true, no recovery could be had.

6. SAME—*assumption of fact.* Where one party gave in evidence a
decision of a presbytery that the session had no right to elect a new clerk
without declaring the office vacant, or giving notice to the incumbent of the
office, and the other party then gave in evidence a contrary ruling, made by a
higher church tribunal on appeal from the presbytery, it was *held,* that an
instruction for such other party that the session had the right to elect the
new clerk without declaring the office vacant or giving notice to the incum-
bent, was not erroneous as an unwarranted assumption of fact, as it left the
matter where the ecclesiastical decision placed it.

7. SAME—*not based on evidence, properly refused.* Where the record
fails to show any evidence on which an instruction is asked, there is no error
in its refusal.

8. LIMITATION—*as applicable to new count in declaration.* Where an
amended declaration filed in a cause is merely a restatement of the cause of
action as originally declared on, but in a different form, such amendment
will not be regarded as introducing a new cause of action so as to give effect
to the bar of the Statute of Limitations.

9. So where an amended declaration was filed in an action for slander
after one year from the speaking of the words, merely restating the words
spoken, and introducing no new cause of action, an instruction that if the
slanderous words set out in the amended declaration were spoken more than
one year before the amended declaration was filed the action for such words
was barred, was held properly refused.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of
McLean county; the Hon. OWEN T. REEVES, Judge, pre-
siding.

Messrs. WILLIAMS, BURR & CAPEN, and Messrs. ROWELL &
HAMILTON, for the appellant:

It is not slander to speak the truth of another.   *McDavid*
v. *Blevins,* 85 Ill. 238.

The plea of justification puts in issue the truth of the
alleged slanderous statement, and it is error to charge the
jury, where such plea is filed, that if they believe, from

the evidence, that the defendant spoke the words charged, they should find him guilty.

In a contested case, where there is a conflict in the evidence, the jury should be very carefully instructed; and if an instruction is given on one side that standing alone would be erroneous, the error is not cured by giving a counter instruction for the other side. *Springdale Cemetery Association* v. *Smith*, 24 Ill. 482; *Chicago, Burlington and Quincy R. R. Co.* v. *Payne*, 49 id. 505; *Chicago, Burlington and Quincy R. R. Co.* v. *Dunn*, 61 id. 386; *Toledo, Wabash and Western Ry. Co.* v. *Larmon*, 67 id. 68; *Chicago, Burlington and Quincy R. R. Co.* v. *Harwood*, 80 id. 88; *Camp Point Manf. Co.* v. *Ballou*, 71 id. 417; *Swan* v. *People*, 98 id. 610; *Stratton* v. *Chicago City Horse Ry. Co.* 95 id. 25; *Steinmeyer* v. *People*, 95 id. 383; *Rupp* v. *Jarrett*, 94 id. 479; *Wabash Ry. Co.* v. *Henks*, 91 id. 406; *Illinois Linen Co.* v. *Hough*, 91 id. 63; *American Ins. Co.* v. *Crawford*, 89 id. 62; *Toledo, Peoria and Warsaw Ry. Co.* v. *Grable*, 88 id. 441; *Cushman* v. *Cogswell*, 86 id. 62; *Quinn* v. *Donovan*, 85 id. 194; *Ludwig* v. *Sager*, 84 id. 99.

The fact as to whether or not a man testified falsely, is to be determined by the facts and circumstances existing at the time, and not by any subsequent change of circumstances.

A plea of justification in slander is not an aggravation, if made in good faith. *Sloan* v. *Petrie*, 15 Ill. 425; *Hawver* v. *Hawver*, 78 id. 412; Rev. Stat. chap. "Slander," sec. 3.

Good faith goes in mitigation of damages. *Moore* v. *Mauk*, 3 Bradw. 114.

Words spoken in good faith, in the belief that they are true, are not malicious in fact, and such good faith should always go in mitigation of damages.

A cause of action that is barred by the Statute of Limitations can not be vitalized by amending or adding new counts to a declaration in a suit brought upon another cause of action. *Illinois Central R. R. Co.* v. *Cobb et al.* 64 Ill. 128,

and cases cited; *Illinois Central R. R. Co.* v. *Phelps,* 4 Bradw. 238; *Phelps* v. *Illinois Central R. R. Co.* 94 Ill. 548.

Messrs. FIFER & PHILLIPS, for the appellee:

The words, "he perjured himself," are actionable *per se,* without colloquium or inducement. *Sanford* v. *Geddis,* 13 Ill. 329.

Malice is the *gist* of the action in slander. *Gilmer* v. *Eubanks,* 13 Ill. 274; *Ayers* v. *Grider,* 15 .id. 37; *McKee* v. *Ingalls,* 4 Scam. 30.

The speaking of actionable words is evidence of malice. *McKee* v. *Ingalls,* 4 Scam. 30; *Flagg* v. *Roberts,* 67 Ill. 485; *Ayers* v. *Grider,* 15 id. 37; *Horsley* v. *Brooks,* 20 id. 116.

The law presumes that the person speaking actionable words intends the injury which the slander is calculated to effect. *Baker* v. *Young,* 44 Ill. 42; *McKee* v. *Ingalls,* 4 Scam. 30.

Repetition of slanderous words may ·be considered by the jury on the question of malice, and in aggravation of damages, (*Stowell* v. *Beagle,* 79 Ill. 525,) and for this purpose a repetition after suit brought may be shown. *Hatch* v. *Potter,* 2 Gilm. 725.

Justification, pleaded without a *bona fide* expectation of proving it, is a re-publication of the slander, and may be considered by the jury in aggravation of damages; and of the good faith of the plea the jury are the judges. *Harbison* v. *Shook,* 41 Ill. 141; *Sloan* v. *Petrie,* 15 id. 425; *Spencer* v. *McMasters,* 16 id. 405; *Freeman* v. *Tinsley,* 50 id. 497; *Hawver* v. *Hawver,* 78 id. 412.

The law implies damage from the speaking of actionable words, (*McKee* v. *Ingalls,* 4 Scam. 30; *Baker* v. *Young,* 44 Ill. 42,) and the jury are to determine, from all the circumstances, what damage should be given, and are not confined to pecuniary loss or injury. *Baker* v. *Young, supra; Spencer* v. *McMasters,* 16 Ill. 405.

Mental suffering, caused by words actionable *per se*, is proper to be considered as an element of damage. *Adams* v. *Smith*, 58 Ill. 417.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee, against appellant, for slander. The trial in the circuit court resulted in a verdict and judgment for the plaintiff in the action, which, on appeal, was affirmed in the Appellate Court. The grounds for reversing the judgment relied upon here, are the admission of improper evidence, the giving of improper instructions for plaintiff, and refusing certain instructions asked by the defendant.

It appears from the record that there is a church in the west part of McLean county, of the Cumberland Presbyterian denomination, known as the West Union Church. Appellee was pastor, and appellant was one of the elders. In this church there were in all six elders. The session of the church, under the rules of the denomination, is composed of the elders and the pastor, the latter being, *ex officio*, moderator. In 1875 it appears that one Hayberger, an elder, was elected clerk of the session, and no change was made in the office until 1879, when, as appears, some trouble arose between the pastor and appellant in regard to church matters, and Hayberger being in sympathy with appellant, at a meeting of the session, on September 5, 1879, he was superseded in the office of clerk by one Williams, who was then formally elected to that office. The church record was subsequently surrendered to Williams. At a meeting of the presbytery at Danvers, within which this church is located, in March, 1880, the following question was submitted to that body for decision: "Can a church session elect a clerk, when there is no vacancy, without notifying the acting clerk?" The decision of the question was deferred until the August meeting, at Lincoln, when the presbytery decided in the negative. Sub-

sequently the session of West Union presented the question to the presbytery in form, and requested that body to decide who was the legal clerk of the session. In March, 1881, in conformity to the former decision, it was held that Hayberger was the legal clerk of the session. An appeal was taken from this decision to the synod of Sangamon, which body had the right and authority to review the decision of the presbytery, where the former decision, that Hayberger was clerk, was reversed, and Williams was declared to be the clerk of the session. In the meantime, however, after the decision of the presbytery on the question propounded, and before the decision of the synod, on January 4, 1881, Hayberger brought an action of replevin against Williams, before a justice of the peace, to recover the possession of the church record. On the trial of this cause appellee was a witness, where the question involved was who was clerk of the session, and entitled to the custody of the record, and the alleged slanders grew out of the testimony given by appellee on that trial, appellant, on various occasions, making the charge, in substance, that appellee had sworn falsely on that trial.

On the trial of the cause appellant put in evidence the proceedings of the presbytery held at Stanford, in March, 1881, wherein it was decided that Hayberger was the lawful clerk. Appellee also read in evidence the proceedings of the synod reversing the proceedings of the presbytery, on appeal to that body,—and the decision allowing this evidence is claimed to be erroneous. Whether any of this evidence was strictly competent, is a question which it is not necessary here to decide; but it is apparent if the proceedings of the presbytery were legitimate evidence, the proceedings of the synod were also competent for the jury. Under the regulations of the church the synod had the power to reverse decisions of the presbytery, and when appellant interposed any right under the action of the latter body, it would have been manifest injustice to have denied appellee the right to prove

that those proceedings had been annulled and set aside by a higher tribunal. The testimony which was charged to have been false was given before the decision had been rendered either in the presbytery or the synod, and if either of the decisions is to govern, it is very plain that the one made on appeal in the higher tribunal, as the one of last resort, must control. The reversed decision put in evidence by appellant could settle nothing, and the moment he put it in evidence appellee had the undoubted right to show that the decision had been reversed and annulled by a tribunal higher in authority.

We now come to the instructions claimed to be erroneous. Instruction No. 3 is the first one. In substance it directed the jury that the words "he perjured himself," "you swore to a lie," when spoken concerning a person in the hearing of other persons, are what the law terms "actionable words," and from the speaking of such words the law infers malice, and presumes that the person concerning whom the words are spoken is damaged. Appellant had interposed a plea of justification to each count of the declaration, and he contends that the instruction is erroneous because it ignores the very material fact as to the truth of the words spoken. Of course the truth of the words spoken would defeat a recovery, but we do not understand that it was necessary to add the qualification as to the truth of the words spoken to every instruction given for the plaintiff. It was enough if the jury was distinctly directed, in any of the instructions, that if they found the charge or charges so uttered were true, no recovery could be had. In the third, and perhaps other instructions given for the defendant, the jury were, in clear and express terms, directed, that if they found, from the evidence, that the words spoken were true, no recovery could be had. There was no room for the jury to be misled by the instructions. The plaintiff's third instruction informed them correctly as to the propositions of law upon his theory of the case, and

then the defendant's instruction came in and gave directions upon the theory of the defendant. We do not think the plaintiff was bound, in his instructions, to anticipate and exclude defences. As was said in *Logg* v. *The People*, 92 Ill. 598 : "The plaintiff is only obliged to present the law correctly in his instructions applicable to his theory of the case, and is not bound, in every instruction, to anticipate and exclude every possible defence." What has been said in regard to the third, meets the objection urged against instructions Nos. 4 and 5.

It is objected to the ninth instruction, that in giving it the court determined a question of ecclesiastical law contrary to the ruling in *Chase* v. *Cheney*, 58 Ill. 509. Whether it was an "unwarranted assumption of the civil court," as claimed by counsel, for the circuit court to instruct the jury that the session had the right to elect a new clerk without declaring the office vacant or giving notice to the incumbent of the office, is not a matter which could in the least affect the rights of the parties. The decision of the presbytery, and the decision of the synod reversing that decision, and holding that the election of the new clerk was proper, were in evidence before the jury, and the instruction left the matter where the ecclesiastical decision, which appellant had brought before the jury, placed it.

Exception was taken to the eighth, twelfth, thirteenth and fifteenth instructions, but we perceive no substantial objection to either of them.

It is also contended that appellant's first refused instruction is correct, and the court erred in refusing it. This instruction is based upon the supposed fact that the presbytery at Lincoln had decided who was the legal clerk of the session; and as the record fails to show that such a decision had been made, there was no evidence upon which the instruction could be predicated, and for this reason, if for no other, the instruction was properly refused.

The second refused instruction directed the jury, that if the slanderous words set up in the amended declaration were spoken more than one year before the amended declaration was filed, the action for such words was barred by the Statute of Limitations. Had a new cause of action, not embraced in the original declaration, been brought into the suit by the amended declaration, the instruction might have been correct. But such was not the case. The amendment was a mere restatement of the cause of action by way of amendment, and, as was held in *Dickson* v. *Chicago, Burlington and Quincy R. R. Co.* 81 Ill. 215, this may be done without its being obnoxious to the objection of introducing new causes of action. The amendment was but a different form of the same charge of slander alleged in the original declaration.

The third refused instruction in substance directed the jury, that "to constitute slander *per se,* the defendant must have uttered the slanderous words charged in the declaration both falsely and maliciously." The law does not require malice in fact to be proven,—malice is implied from the speaking of the words. *Gilmer* v. *Eubanks,* 13 Ill. 271.

This disposes of the objections relied upon to reverse the judgment, and in conclusion we would add, that after a careful examination of the entire record we perceive no ground whatever for disturbing the judgment.

The judgment will be affirmed.

*Judgment affirmed.*