## MARCUS C. STEARNS
### v.
### PATRICK REIDY.

*Master and Servant—Vice Principal—Negligence of—Personal Injuries—" Missed Hole " in Quarry—Explosion—Pleadings—Proof—Variance—Amendment—Limitations—Damages—Evidence—Instructions.*

1. A servant, who, in ignorance of the danger, obeys an order given by a superior servant who is aware that almost certain death will result from compliance therewith, is entitled to damages for injuries suffered thereby.

2. In an action by a servant for the recovery of damages for injuries suffered through obeying the orders of a superior servant, this court holds that the defendant can not rely upon a variance between the pleadings and the proof, which but for his opposition would have been removed.

3. In the case presented, this court sustains a judgment in behalf of the plaintiff for $9.000 for injuries received by him in an explosion in a stone quarry, the same resulting in total blindness.

[Opinion filed May 29, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Gregory, Booth & Harlan and A. B. Jenks, for appellant.

Mr. L. K. Dorr, for appellee.

Gary, J.   Six juries have been impaneled in this case; four have found verdicts, one for the appellant, before me, which I set aside, not upon any ground touching the merits of the case, but upon an erroneous instruction, and three since for the appellee.

There is but one point upon the facts, in dispute between the parties. The appellee was injured and made blind by the explosion of a charge of dynamite in a "missed hole" in the quarry of the appellant, at which hole the appellee, being in the service of the appellant, was at work under the order of the foreman of the quarry. The only dispute is as to what was the order given by the foreman. He knew that the place was a "missed hole," that is, a hole charged with dynamite which had failed to explode, and the evidence on the part of the appellant is, that the order to the appellee was to clean out a missed hole with a scraper. On the part of the appellee it is, that the order was to drill a hole in a stone. The brief of the counsel of the appellant, after reciting special questions put to the jury, and their answers thereto, says : "It thus fairly appears by the special findings, that the jury reached the conclusion that this accident happened

through a direction given to the plaintiff to drill a hole in a rock." This concession makes it unnecessary to demonstrate the same conclusion.

The jury, then, having found the one point in dispute on the facts in favor of the appellee, and the liability of the appellant following from the fact found and the other facts undisputed, there is no need to examine the instructions, for there is no ground in the record on which to claim, and it is not claimed that any instruction tended to influence the jury in that special finding.

By instruction on the part of appellant, but not by evidence, some question was made whether the appellee knew, or by the exercise of ordinary care could have known, that he was drilling a hole, and to questions upon that matter, the jury have answered, no. If, in fact, the foreman gave an order to the appellee which the foreman knew it was almost certain death to obey, and the appellee without knowledge of the danger, was injured in obeying it, his right to recover is clear. C. & A. R. R. Co. v. May, 108 Ill. 288. And what are the facts, the verdict of the jury, upon conflicting evidence, settles.

But there is a great stumbling block in the case. There are four counts in the declaration, and each one alleges that the order of the foreman to the appellee was to clean out "a certain hole, which had before that time been drilled," and the instructions for the appellee base his claim to a verdict upon the same hypothesis, while the testimony of the appellee himself, as well as the finding of the jury, is that the order was not to "clean out," but to "drill" a hole, so that there is a clear variance, one form of the order being to make a hole, the other to clean out one already made. The accident occurred in October, 1881. The last trial was in October, 1888. In October, 1887, the appellee, by leave of the court, added to his declaration a count alleging the order of the foreman to him to have been "to drill a hole." To that count a plea of the statute of limitations was held to be a bar. After the present verdict was rendered, and before judgment, he asked leave to amend the first count of the present

declaration to the same effect. This leave was denied. Whether, being the exercise of discretion, the refusal of leave to amend the first count be error or not, the granting it would not have been. Ind. Order Mut. Aid v. Paine, 122 Ill. 625; Tomlinson v. Farnshaw, 112 Ill. 311; McCollon v. Ind. & St. L. R. R. Co., 94 Ill. 534; Cogshall v. Beesley, 76 Ill. 445.

But the overruling of the demurrer to the plea of the statute of limitations, was error. The cause of action which the appellee claimed, was injury by negligence of the appellant, by the application of the rule *respondeat superior.*

One recovery against the appellant for that injury, whatever might be the allegations of the declaration, would bar all further litigation, though perhaps a judgment for the appellant might not be a bar to a new action, upon a declaration stating the circumstances leading to the injury in a different manner. This does not settle the question.

A judgment for a defendant may be because of a variance, and therefore no bar, while a judgment for a plaintiff extinguishes the cause of action, even if wrongfully described. All the damages which can by any possibility result from a single tort, form an indivisible cause of action. Freeman on Judg. 241. The new count "was merely another mode of telling the same story." Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; North C. R. M. v. Monka, 107 Ill. 340; see also Mitchell v. Mulholland, 106 Ill. 175; Dickson v. C., B. & Q., 81 Ill. 215; I. C. R. R. v. Cobb, 64 Ill. 128.

Now if the error on that count had not been committed, or if the leave to amend the first count had been granted, which, consistently with denying the motion for a new trial, would seem to have been regular, the variance now existing and which is a ground of objection by the appellant, would have been removed.

Shall the appellant have any advantage of a variance which but for his opposition would have been removed ?

There is absolute good sense in the concluding sentence of the opinion in Pearson v. Zehr, 125 Ill. 573. "Undoubtedly an appellate court, where proper exceptions have been taken, and errors are properly assigned, may disregard

certain errors, upon the ground that they would have been immaterial had the court properly ruled on other questions;" though in the connection in which it is found, it is not applicable as authority in this case. See also Bensley v. Brockway, 27 Ill. App. 410, where that rule would have been acted upon if it had been found to fit the case.

In The People v. Utica Ins. Co., 15 Johnson (N. Y.), 358, the chief justice thought it ungracious, though not an estoppel, to set up the objection that *quo warranto* would not lie, when the defendant had gone away from the court of chancery on the ground that it would; but in Powell v. Ross, 4 Cal. 197, the Supreme Court of California enforced the sensible rule that the defendant could not urge in the Supreme Court the non-joinder as a co-plaintiff of one whom he had driven out of the court below. All the evidence accessible to either party as to the whole transaction has been put in; on the disputed point the jury have found specifically for the appellee. If that finding is right, his right to recover is clear, and justice has been done.

The damages, $9,000, are large. If measured only by pecuniary loss, excessive. But the appellee goes sightless to his grave, and after a very protracted litigation, gets a poor equivalent for the constant deprivation he endures. Without sharing in the indignation of Judge Breese in Ross v. Innis, 35 Ill. 487, something of his argument applies here. The other questions in the case are of minor importance. The judgment will be affirmed.

*Judgment affirmed.*