## Chicago & Alton Railroad Company v. John Scanlan.

1. LIMITATIONS—*Plea of, to Additional Counts.*—Where additional counts to a declaration in an action for personal injuries, filed after the statute of limitations has run against the original cause of action, are but different statements of how the injury occurred, a demurrer to a plea of the statute of limitations to such counts is properly overruled.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

JAMES N. BROWN, attorney for appellant.

WILLARD GENTLEMAN, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant to recover for personal injuries received by him in the same accident, the falling of a scaffold, upon which he, as a brickmason, was at work, as that described in C. & A. R. R. Co. v. Maroney (p. 618, this volume).

This case was tried nearly two months before the Maroney case, and the evidence concerning the accident was substantially alike in both. The main additional circumstance developed on the trial of that case, was in the testimony of the foreman of the job concerning certain evidences discovered by him after the accident, of depredations committed on the scaffold between Saturday evening when it was put up, and Monday morning when it fell, of which circumstance he made no mention in his testimony in this case.

We refer, therefore, to our opinion in that case for the facts.

Upon the law, the only question argued in this case that was not in the Maroney case, arises from the sustaining of appellee's demurrer to appellant's plea of the statute of limitations interposed to the appellee's amended declaration filed more than two years after the injury.

The original declaration alleged the negligence of appellant to consist in the breaking and falling of the scaffold, " owing to its faulty and improper construction, and its then unsafe condition."

One count of the amended declaration alleged, as constituting the negligence of appellant, that it did, carelessly, negligently, etc., build and construct said scaffold, so that, etc., the same did break and fall, etc.

We see no difference between the two except in the matter of form. The cause of action was the injury. The different counts were but different statements of how it occurred, and the demurrer to the plea of the statute was

properly sustained. Mitchell v. Milholland, 106 Ill. 175; Illinois Cent. R. R. Co. v. Weiland, p. 332, this volume)

The appellee recovered a verdict and judgment for $3,500.

What we said in the Maroney case, *supra*, concerning the claimed excessiveness of damages, has equal application here, and need not be repeated.

The judgment of the Superior Court is therefore affirmed.