## St. Louis, Jacksonville & Chicago Railroad Company

*v.*

## James Thomas *et al.*

1. PLEADING—*of laying the venue in the declaration.* Where, in an action of trespass on the case. against a railroad company for killing stock, the first count in the declaration alleges the act complained of to have been committed " at the circuit aforesaid," and that the defendant "was, then and there, a corporation, operating and doing business, under and by virtue of the laws of the State of Illinois, and was, then and there, possessed of a certain railroad track, over and upon which the said defendant was, then and there, running divers locomotive engines and railroad cars,"—although not accurate in form, the words "then and there" obviously refer to the time and place previously mentioned, which appeared in the caption ; no other time and place having preceded the phrase " at the circuit aforesaid," in the averment, the venue is laid with sufficient accuracy.

2. So, where the second and subsequent counts in the declaration, allege the act complained of to have been committed "at the circuit aforesaid," and that the defendant " was then and there running certain other locomotive engines and railroad cars," whereby certain other described stock were killed, and the plaintiff thereby sustained great damage, the venue in these subsequent counts in the declaration, was laid with sufficient accuracy.

3. SAME—*of the declaration.* Where the declaration, in such a case, negatives in substance, all the exceptions in the statute, although not in the most formal manner, it is not demurrable on that ground alone.

APPEAL from the Circuit Court of Morgan county ; the Hon. D. M. Woodson, Judge, presiding.

This was an action brought against a railroad company, to recover damages for killing stock. The declaration alleges in the first count, that on the 17th day of May, 1866, at the circuit aforesaid, the defendant was, then and there, a corporation, operating and doing business under and by virtue of the laws of the State of Illinois, and the said defendant (the said St. Louis, Jacksonville and Chicago Railroad Company) was, then and there, possessed of a certain railroad track, over,

and upon which, the said defendant was, then and there, running divers locomotive engines and railroad cars, operated in and upon said railroad track by the servants and agents of said railroad company, and the said defendants, so operating said locomotives and cars in and upon said railroad track, on the day and year aforesaid, run said locomotives and cars against and upon one steer, the property of the plaintiffs, and, then and there, killed the said steer, and the said plaintiffs aver, that the said line of road, of the said St. Louis, Jacksonville and Chicago Railroad Company, had been open for use for more than six months, next before the killing of the said steer, as aforesaid, and the said railroad company had not, then and there, fenced the line of said railroad, when said steer was so killed, as aforesaid, on the sides of said track, with good and sufficient fences, suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on to said railroad track; and the said plaintiffs aver, that said steer was not killed by said locomotive and cars, within the limits of any town, city, or village; and the said plaintiffs aver, that said steer was not killed at any place on said railroad track, where the same runs through open and uninclosed lands, situated more than five miles from any settlement; and the plaintiffs further aver, that the proprietors of the lands on the said track, where said steer was killed, had not made any contract with the said railroad company to fence the sides of said railroad track; nor, have the proprietors of said lands heretofore erected good and sufficient fences, on the sides of said track, where said steer was killed; and the said plaintiffs further aver, that said steer was not killed at the crossing, on said railroad track, of any highway or public road, nor at any farm-crossing; and the plaintiffs further aver, that, at the place where said steer was killed, a fence was necessary at the time, to prevent cattle, horses, sheep and hogs from getting on to said railroad track.

The second count avers the same facts, except that seven

hogs were killed on the 17th day of July, 1866, but does not aver that a fence was necessary to prevent cattle, &c., from getting upon the road, and that the railroad was bound to fence, at that point, or that the proprietors had not fenced, or agreed to fence the sides of said railroad, &c.

The third count avers the same facts as the first, except that one steer and ten hogs were killed, on 20th August, 1866, &c.

The defendant demurred to the declaration, and the demurrer being overruled, and the defendant abiding thereby, judgment was rendered against him for damages and costs. The defendant brings the cause to this court, and assigns for error, the overruling the demurrer, and judgment for damages and costs of suit.

Messrs. KETCHAM & ATKINS, for the appellant.

Messrs. MORRISON & EPLER, for the appellee.

Mr. Justice WALKER delivered the opinion of the Court:

This was an action on the case, for killing stock on appellant's road. The declaration contained three counts, to which a demurrer was filed and special causes were set down. The first is, the want of a venue of the injury. The caption or title of the declaration is, "State of Illinois, Morgan county." The averment is that the company "was then running divers locomotive engines and railroad cars, operated in and upon said railroad track, by the servants and agents of said railroad company; and the said defendant so operating said locomotives and cars, in and upon said railroad track, on the day and year aforesaid, ran said locomotive and cars against and upon one steer, the property of the plaintiffs, and then and there killed the said steer." While this is not accurately formal pleading, we think that the "then and there" obviously refers to the time and place previously mentioned.

And, as but one date, and the name of but one place, had preceded this averment, they were referred to, and Morgan county being named in the caption to the declaration, it was thus named as the venue. In the second and third counts, the venue is referred to as being at the " circuit aforesaid." This answers the rule of pleading, that every traversable fact must be laid with a venue. It is true, this is but form, but appellants, as they had a right to do, objected for the want of form, by setting it down as a special cause in their demurrer. This ground of demurrer was not well taken.

It was assigned as special ground of demurrer that there is no averment that the property killed was of any value. This point seems to have been abandoned, as it is not referred to in appellant's brief, and we, therefore, deem it unnecessary to enter into the consideration of this question.

So far as we can see, the declaration does negative all of the exceptions in the statute; it may be not in the most formal manner, but in substance. And it is sufficiently averred that the railroad was used and operated in the State of Illinois, and within the jurisdiction of the court. And it is averred that a fence was necessary to prevent stock from getting upon the railroad track at the place where it was killed. After a careful examination of this record, we perceive no error for which the judgment of the court below should be reversed, and it must be affirmed.

*Judgment affirmed.*