## The Chicago and Eastern Railroad Company

*v.*

Isaac W. Holland.

*Filed at Ottawa September 26, 1887.*

1. Evidence—*physical examination of plaintiff in suit for personal injuries.* In an action against a railway company to recover for personal injuries to the plaintiff, occasioned by negligence, the defendant asked for an order of court that the plaintiff submit to an examination by certain physicians named in the motion, which was overruled. Something over a year later the defendant sent two physicians of its selection to examine as to plaintiff's physical condition, one of whom had before made a thorough examination, who was not admitted, but the other was, and made an examination. Still later, another of the physicians named in the motion was allowed to make a thorough examination of the plaintiff: *Held*, that as the defendant had the benefit of an examination by three of its physicians, it could not complain of the overruling of its motion.

2. Same—*statements and declarations—as part of the res gestæ.* In an action by a party injured by a collision with a railway train, against the railway company operating such train, the plaintiff will have the right to show the position of the defendant's train, and what precaution, if any, the conductor in charge of the train had taken to guard against danger; and the statements or declarations of the conductor a few moments before the collision, being a part of the *res gestæ*, may be shown for that purpose.

3. Same—*proving contents of letter on cross-examination.* On the trial of a case the defendant laid the foundation for the introduction in evidence of a letter handed to a witness, who identified the letter, and, on his direct examination, stated its contents to the jury. On cross-examination the letter itself was allowed to be given in evidence: *Held*, no error. If its contents were proper evidence for the defendant, the letter itself was also for the plaintiff.

4. Practice—*specific objection—when to be made.* On the trial of an action to recover damages for a personal injury, the plaintiff proved the amount he had paid and incurred for medical treatment, which was objected to as "incompetent, immaterial and irrelevant:" *Held*, that it could not be assigned for error that the evidence should not have been admitted without proof that the physicians for whose services the expense was incurred, were entitled to practice, as that objection, if tenable, might have been obviated on the trial, if specifically made. A specific objection, which may be obviated, must be made on the trial before it can be urged on appeal.

5. Same—*remarks of court as to evidence.* On the trial of an action for a personal injury, during the examination of a physician as to his

opinion in regard to some of the theories advanced by medical writers, the defendant's counsel read a long quotation from a medical work, and asked the opinion of the witness as to the correctness of the extract, when the court remarked: "I have a book written in Spanish, by a Mexican lawyer, and I may as well read that to him (witness) as your reading medical books to them:" *Held*, that as this was no ruling on the admission or exclusion of evidence, and it not appearing to have injured any one, the defendant could not complain.

6. MEASURE OF DAMAGES—*personal injury from negligence.* In case of personal injury from negligence, the injured party may recover such actual damages as are the natural and proximate result of his injury, such as his loss of time, his pain and suffering, his necessary and reasonable expenses in medical and surgical aid and nursing, as shown by the evidence; and if the injury is permanent and incurable, the jury, in assessing the damages, may take such fact into consideration. The fact that he has a wife living, can not, however, be considered by the jury in fixing the plaintiff's damages.

7. INSTRUCTION—*construed—as whether leading jury to give exemplary damages.* In an action for damages for an injury claimed to be the result of defendant's negligence, the court instructed the jury, at plaintiff's request, that in determining the question of negligence they should take into consideration the conduct of both parties at the time of the alleged injury, as disclosed by the evidence; and if they believed, from the evidence, that the injury complained of was caused by the negligence of the defendant's servants, as charged in the declaration, and if they further believed, from the evidence, that the plaintiff was without fault, and was exercising ordinary care and prudence in the discharge of his duties, then the plaintiff was entitled to recover such damages as the jury might believe, from all the evidence, he was entitled to receive, as a compensation for all the injuries received and suffered by him in the premises. No exemplary damages were claimed by the pleadings or evidence: *Held*, that the instruction was not subject to the objection that under it the jury might give exemplary damages.

8. SAME—*repeating propositions of law in different words.* If the jury has been properly instructed as to the law involved in a case, the judgment will not be reversed, although some of the refused instructions may contain correct statements of the law. And there will be no error in the modification of an instruction, when the substance of it, as asked, has been given in another one.

9. SAME—*numerous instructions not encouraged.* The practice of giving a great many instructions in a case involving no difficult or complicated questions of law, should not be encouraged, as they ordinarily tend to mislead rather than to enlighten the jury.

10. NEW TRIAL—*improper remarks of juror.* On the trial of an action against a railway company to recover damages for a personal injury alleged

to be the result of negligence, while defendant's counsel was stating the case to the jury, and what the evidence would show, one of the jurors said, "That won't help you a bit,—that will not do you any good:" *Held*, that while the remark was improper, and the juror deserved a small fine, yet the irregularity was not such as to require the reversal of a judgment in favor of the plaintiff.

11. APPEAL—*reviewing facts—question of excessive damages.* Whether the damages are excessive in an action on the case for personal injury from negligence, depends upon the facts, and when the judgment of the trial court is affirmed by the Appellate Court, its decision on that question is conclusive on this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action on the case, brought by Isaac W. Holland, against the Chicago and Eastern Illinois Railroad Company, to recover damages for a personal injury to the plaintiff, caused, as is alleged, by the negligence of the defendant's servants. The plaintiff, at the time he was injured, was in the employ of the Chicago, Rock Island and Pacific Railway Company, as a conductor in charge of a suburban passenger train running on one of the lines of that company, between the city of Chicago and South Chicago.

Several months prior to the trial, the defendant moved for a rule on the plaintiff, requiring him to submit his person to the examination of certain physicians and surgeons, which motion was denied.

A trial resulted in a verdict and judgment in favor of the plaintiff. On appeal by the company, the Appellate Court affirmed that judgment. On the further appeal of the company, the cause is brought to this court.

Mr. WILLIAM ARMSTRONG, for the appellant:

The court erred in overruling appellant's motion requiring appellee to submit to an examination of physicians as to his physical condition and health. *Parker* v. *Enslow*, 102 Ill.

272; *Freeport* v. *Isbell*, 93 id. 381; *Schroeder* v. *Railroad Co.* 47 Iowa, 375; 2 Bishop on Marriage and Divorce, sec. 590, *et seq.*, and notes; *Walsh* v. *Sayre*, 52 How. 334; Rogers on Expert Testimony, p. 106, sec. 75; *Lloyd* v. *Railroad Co.* 53 Mo. 509.

The court erred in admitting incompetent testimony by the witnesses Heckler and Healy. *Railroad Co.* v. *Johnson*, 103 Ill. 512; *Railway Co.* v. *Fillmore*, 57 id. 266; *Railroad Co.* v. *Hunter*, 33 Ind. 347; *Luby* v. *Railroad Co.* 17 N. Y. 131; *Moore* v. *Meacham*, 10 id. 207; *Lane* v. *Bryant*, 9 Gray, 245.

It was error to allow evidence of the expenses paid and incurred to physicians, without proof that they were authorized to practice. *Chicago* v. *Honey*, 10 Bradw. 535; *City* v. *Henry*, 11 id. 154.

The remarks of the court as to the examination of medical experts, and as to extracts from medical works, were improper. *Rolling Mill Co.* v. *Monka*, 107 Ill. 340; *Insurance Co.* v. *Ellis*, 89 id. 516.

The juryman John Reilly was not a competent and disinterested man, as evidenced by his remarks and conduct on the trial.

The first of appellee's instructions authorized the assessment of exemplary damages, which are not recoverable. *Bridge Association* v. *Loomis*, 20 Ill. 236; *Railroad Co.* v. *Avery*, 10 Bradw. 210; *Railroad Co.* v. *Payzant*, 87 Ill. 125.

The third of appellee's instructions does not correctly state the law of comparative negligence. *Railroad Co.* v. *Clark*, 108 Ill. 113; *Railroad Co.* v. *Johnson*, 103 id. 512; *Railroad Co.* v. *Manly*, 58 id. 300.

The court erred in modifying appellant's thirtieth instruction. As asked, it stated the law correctly. The failure of the plaintiff to exercise ordinary care will prevent a recovery. *Railroad Co.* v. *Hazzard*, 26 Ill. 473; *Railroad Co.* v. *Dewey*, id. 255; *Railroad Co.* v. *Simmons*, 38 id. 242; *Railroad Co.* v. *Gretzner*, 46 id. 76; *Railway Co.* v. *Sweeney*, 52 id. 325; *Rail-*

*road Co.* v. *Damerell,* 81 id. 450; *Railroad Co.* v. *Lee,* 68 id. 580; *Railroad Co.* v. *Johnson,* 103 id. 512; *Abend* v. *Railroad Co.* 111 id. 202; *Steel Co.* v. *Martin,* 115 id. 359.

That the damages ($25,000) are excessive, see *Railroad Co.* v. *Jackson,* 55 Ill. 492; *Railroad Co.* v. *Fillmore,* 57 id. 265; *Railroad Co.* v. *Wilson,* 63 id. 167.

Messrs. G. W. & J. T. Kretzinger, for the appellee:

No question of fact can be considered or reviewed by this court. *Railway Co.* v. *Peyton,* 106 Ill. 534; *Williams* v. *Forbes,* 114 id. 167; *Insurance Co.* v. *Barrel Co.* id. 99.

Ordinary care, negligence, the extent of the injury and the amount of the damages assessed, are all questions of fact. *Furnace Co.* v. *Abend,* 107 Ill. 144; *Railroad Co.* v. *Frelka,* 110 id. 498; *Pennsylvania Co.* v. *Conlan,* 101 id. 93; *City of Mattoon* v. *Fallin,* 113 id. 249.

The question of excessive damages was a question exclusively for the Appellate Court, and its decision is final. *Railroad Co.* v. *Frelka, supra; Railway Co.* v. *Peyton, supra; Beeler* v. *Webb,* 113 Ill. 436.

The effect and weight of evidence will not be considered in this court. *Railroad Co.* v. *Martin,* 111 Ill. 235; *Railroad Co.* v. *Bonifield,* 104 id. 224; *Beard* v. *Maxwell,* 113 id. 440.

No proper evidence was refused by the court below. No improper evidence was admitted on behalf of appellee, and no proper objection was made or exception taken to evidence admitted on behalf of appellee. *Tarble* v. *People,* 111 Ill. 123.

A general objection to the testimony of a witness will not be considered. *Myers* v. *People,* 26 Ill. 176; *Wilson* v. *King,* 83 id. 235.

Appellant asked forty-two instructions, nineteen of which were given. This court will not examine the others to see if they were properly refused. *Adams* v. *Smith,* 58 Ill. 418; *Elam* v. *Badger,* 23 id. 419; *Young* v. *People,* 109 id. 646.

The error assigned as to the remarks made by one of the jurors during the opening statement of the defence, was not saved by objection or exception, and no injury is shown from such remarks. *Tarble* v. *People, supra; Nathan* v. *Bloomington,* 46 Ill. 347.

No error in the remarks of the trial court, because no injury could have resulted therefrom. *Skelly* v. *Boland,* 78 Ill. 439; *Beardsley* v. *People,* 89 id. 580.

The action of the court refusing an order for the appellee to submit to an examination of medical experts, out of court, and long before the trial, was not error, because—

*First*—The court had no power to make or enforce such an order. *Parker* v. *Enslow,* 102 Ill. 279; *Roberts* v. *Railroad Co.* 29 Hun, 155; *Lloyd* v. *Railroad Co.* 23 Mo. 515.

*Second*—The record shows that afterward appellee, without objection, submitted to an examination by medical experts selected by appellant, and their testimony was received on the trial. *Railroad Co.* v. *Finlayson,* 18 Am. and Eng. R. R. Cas. 68.

Even if the action of the court was erroneous, if appellant was not injured by it, it can not complain. *Skelly* v. *Boland,* 78 Ill. 439; *Young* v. *McConnell,* 110 id. 84; *Zimm* v. *People,* 111 id. 49.


Mr. Justice Craig delivered the opinion of the Court:

On the 13th day of October, 1883, appellant appeared in court, and filed a motion, in writing, asking for an order of court that appellee submit to an examination by two physicians, who are named in the motion. The court overruled the application, and the decision is assigned for error. Whether this decision was erroneous or not, is a question which it will not be necessary here to determine. On the 15th day of December, 1884, the appellant sent two physicians of its own selection to the residence of appellee, for the purpose of mak-

ing an examination of his physical condition. One of the physicians had previously made a thorough examination, and he was not admitted. The other one, however, was admitted, and made an examination. On the 20th day of December, 1884, appellant sent Dr. H. W. Lyman, who was one of the physicians named in its motion. He was admitted, and made a thorough examination of appellee. In what manner appellant was injured by the decision overruling the motion, is not apparent. Had the motion been allowed, an examination would have been made by two physicians. The motion was denied, but an examination was, in fact, made by three physicians of appellant's own selection. Nothing was lost by the decision, as appellant was allowed an examination, which was all it asked by the motion. The fact that the examination was made at a later period than it would have been made had the court allowed the motion, so far as appears, was a matter of no moment.

It is next insisted that the court erred in the admission in evidence of the conversation of James A. Healy and James C. Heckler with the conductor of appellant's train, which occurred a moment before the collision. The evidence of Healy was as follows: "I saw this conductor and spoke to him, and the words I spoke to him were these: 'Where are you going to?' He says, 'Going over with my train to back into the Pullman 'Y,' over the Rock Island track;' and the words I said to him were: 'You hadn't ought to do any such thing; you will get catched.' I said, 'You are doing it on short time.' I told him we were side-tracked,—that we would not undertake to do it; and I asked him if he was flagging, and he said no,—he didn't think it was necessary." The witnesses testified that the conversation occurred only a moment before the collision. The plaintiff had a right to show the situation of appellant's train, and what precaution, if any, the conductor in charge of the train had taken to guard against danger, and the declarations of the conductor, made at the time they were,—on the eve of the collision,—were admissible as a part of the *res gestæ*.

A witness was called by plaintiff to prove the amount plaintiff had incurred for medical treatment, and gave the court, both paid and unpaid aggregation, the sum of $784.80. The plaintiff had been treated by several different physicians, and it is insisted that the evidence was incompetent, as there was no proof that these physicians, or any of them, were entitled to practice medicine under the statute. When the evidence was offered, the objection made to it was, "that it is incompetent, immaterial and irrelevant." If the law cast the burden upon the plaintiff to prove that the physicians who treated him were entitled to practice, (which, however, we do not decide,) appellant was bound to make the specific objection on the trial, in order that the plaintiff might have an opportunity to remove the objection by proper testimony. The general objection was not enough. It was the duty of appellant to point out the specific objection to the evidence, and a failure to do so will preclude the right to rely upon such specific objection on appeal.

Upon the cross-examination of Dr. Peck, a witness called by appellant, the witness identified a certain letter written by Dr. Durfee in regard to the physical condition of appellee, and the letter was admitted in evidence, and this decision is claimed to be erroneous. The foundation for the introduction of this letter was laid by the appellant on the direct examination of Dr. Peck. The witness stated, on his direct examination, that the letter was handed to him by appellant, and he then proceeded to give its contents to the jury. As a part of the cross-examination of the witness, appellee had the right to read, as evidence, the original letter, to the jury. If the contents were proper evidence for the appellant, which it can not now dispute, the letter itself was likewise competent for appellee.

During the examination of some of the physicians, by appellant, obtaining their opinions in regard to some of the theories advanced by medical authors, certain remarks were made by the court in relation to the practice of reading long quota-

tions from medical works, and asking the opinions of witnesses thereon, in which the court said: "I have a book written in Spanish, by a Mexican lawyer, and I may as well read that to him as your reading medical books to them." It will be observed that the court made no ruling in regard to the admission or exclusion of evidence; and as to the remark made by the court, we can not see that it injured any one, and if appellant was not injured it can not complain.

When counsel for appellant was stating the appellant's case to the jury, having made a statement that evidence would be brought out which would prove certain facts, one of the jurymen said: "That won't help you a bit,—that will not do you any good." While it was improper for a juryman to make a remark of that character, and while the court might, with propriety, impose a small fine on a juryman for a disregard of duty, yet we are not aware of any authority for reversing a judgment where an irregularity of that character has intervened on the trial of a cause.

Some other complaints have been made, in the argument, in regard to the rulings on the admission of evidence, but without going over them in detail, it is sufficient to say that none of them is of a sufficient magnitude to call upon the court to reverse the judgment.

At the request of the plaintiff, the court gave to the jury three instructions, and they are all claimed to be erroneous. The first one is as follows:

"The jury are instructed, that in determining the questions of negligence in this case they should take into consideration the conduct of both parties at the time of the alleged injury, as disclosed by the evidence; and if the jury believe, from the evidence, that the injury complained of was caused by the negligence of defendant's servants, as described in the declaration, and if the jury further believe, from the evidence in this case, that the plaintiff was without fault, and was exercising ordinary care and prudence in the discharge of his duties

as conductor of the dummy train, then the plaintiff is entitled
to recover in this case such damages as the jury may believe,
from all the evidence, he is entitled to receive, as a compen-
sation for all the damages received and suffered by said plain-
tiff in the premises, provided the jury find, from the evidence,
that the plaintiff was injured as described in the declaration."

The objection urged against this instruction, as we under-
stand the argument, is, that the jury might, under the terms
of the instruction, give exemplary damages. The instruction
does not inform the jury that they can give exemplary damages.
Such damages were not claimed, either by the pleadings or
evidence, and we can not conceive how an intelligent jury could
by this instruction be led off upon that field of investigation.
The instruction contains a correct proposition of law, and if
the appellant thought there was any danger that the jury might
enter upon the question of exemplary damages, he ought to
have requested the court to instruct the jury, in making up
their verdict, to disregard all claims, or supposed claims, on
account of exemplary damages.

The second instruction was as follows:

"If the jury find the issues for the plaintiff, then the plain-
tiff is entitled to recover such actual damages as the evidence
may show he has sustained as the direct or approximate result
of such injury, taking into consideration his loss of time, his
pain and suffering, his necessary and reasonable expenses in
medical and surgical aid, and nursing, so far as the same may
appear from the evidence in this case; and if the jury find,
from the evidence, that the said injury is permanent and in-
curable, they should also take this into consideration in assess-
ing the plaintiff's damages; and the jury are instructed that
the fact that said plaintiff is married, and that his wife is living,
can not be considered by the jury in determining the amount
of damages to which the plaintiff is entitled in this case."

We perceive no error in this charge to the jury. The dam-
ages are confined to the direct result of the injury. The loss

of time, necessary expenses incurred for medical aid and nursing, are matters always proper to be considered in such cases in determining the amount of recovery. It may perhaps be true that no witness estimated the amount, in dollars and cents, which had been incurred for nursing; but there is abundance of evidence in the record that the plaintiff was nursed and watched over and cared for by day and by night, and by persons, too, not members of the family. Here was ample evidence before the jury from which they might properly consider the nursing, as well as the pain, loss of time, and necessary medical expenses in arriving at the amount the plaintiff might recover.

The third and only remaining instruction given for the plaintiff merely reiterated the rule of comparative negligence which has been approved by this court in a number of decisions.

The appellant requested the court to give to the jury forty-two instructions. The court refused twenty-three,—Nos. 4 to 26, inclusive,—and gave nineteen,—Nos. 1, 2, 3, and 27 to 42, inclusive. No. 30 was, however, modified, and given as modified. The decision of the court in modifying and refusing instructions is relied upon as error.

There were no difficult or complicated questions of law involved in this case, requiring so many instructions. Indeed, such a large volume of instructions ordinarily tends to mislead rather than enlighten a jury, and the practice of giving so many instructions ought not to be encouraged. If, therefore, the jury have been properly instructed in the law involved in the case, the judgment can not be reversed, although some of the refused instructions may contain correct statements of the law.

Instruction No. 30, which the court modified, aside from a technical objection, contained a correct proposition of law, and it might well have been given as asked. The instruction, in substance, declared that plaintiff could not recover, unless, at the time of the collision, he was exercising due care for his

personal safety. But the same principle was announced in other instructions, so that the jury had the full benefit of the charge as asked, and nothing more could be required. In the first instruction given for the plaintiff, the principle of the modified one is fully given to the jury. . It is there, in effect, declared that it is essential to a recovery that the jury must find that the injury complained of was caused by the negligence of defendant's servants, and that the plaintiff was without fault, and was exercising ordinary care and prudence in the discharge of his duties. Indeed, the claim was not made that plaintiff could recover unless he was in the exercise of ordinary care at the time of the accident.

It is also said that No. 4 should have been given; but the substance of this was given to the jury in No. 42, and no necessity existed for repeating the same thing in different language. The same may be said of other refused instructions, but it will serve no useful purpose to go over them one by one.

After a careful examination of all the instructions and the evidence in the case, we are satisfied that the jury, in and by the instructions given, were fully and fairly instructed in regard to all the law involved in the case, and this is all that could be desired or required.

Something is said in the argument in regard to the damages being excessive, but that is a question which does not arise here. The judgment of the Appellate Court is conclusive upon that question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*