# THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY

## v.

## WILLIAM CLOUGH.

*Railroads—Personal Injury—Crossing—Special Interrogatories—New Trial—Evidence—Instructions—Pleading.*

1.   No direct statement that a railroad flagman knew of a fact which it was his duty to know, and by which fact his conduct, as he narrates it, was prompted, is necessary to justify a finding that he did know it.

2.   Evidence which is merely cumulative but not conclusive, will not justify a new trial upon the ground of newly discovered evidence.

3.   In an action against a railroad company to recover damages for injuries received at a street crossing, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. THOMAS F. WITHROW and JAMES C. HUTCHINS, for appellant.

Mr. JOSEPH S. KENNARD, JR., for appellee.

GARY, J.   This was an action by the appellee for injuries sustained at a railroad crossing of a street.

A great mass of conflicting testimony was given upon the trial, and the verdict of the jury settles the facts both as to right to and the amount of the verdict.   The first instruction on behalf of appellee is like the first one sanctioned by the Supreme Court in Chicago & E. I. R. R. v. Holland, 122 Ill. 461.

The special objection now made to this instruction is that the second count added to the original declaration is not

proved, and therefore an instruction referring to the whole declaration is wrong. The count alleges that the flagman of the appellants beckoned to the appellee to cross over when the flagman knew a train was coming. The appellee testified that the flagman did beckon him to cross over. Whether that was true or not the jury were to say. That the flagman knew the train was coming may well be presumed, as he was on the ground; it was part of his duty to watch for trains; and he testifies that he tried to keep the appellee out of the way of it. No direct statement that he knew the fact which it was his duty to know, and by which fact his conduct, as he narrates it, was prompted, was necessary to justify the finding that he did know it.

The appellants presented nineteen questions to be put to the jury, twelve of which were given to them to answer. The others were rejected, but the answer to no one of them, if such answer had been as the appellants wished it to be, would have determined that the appellee was not entitled to a verdict, and could not, therefore, have controlled it. In C. & N. W. Ry. v. Bouck, this term, this subject is sufficiently discussed. It is impossible, within any reasonable compass, to follow the counsel of appellants through many pages of brief, replying to arguments that negligence is a question of law; that the jury should have been told that the appellee must stop and listen before going upon the track, and that crossing the track at all on that street was a bar to his recovery. Penn. Co. v. Frana, 112 Ill. 398.

The jury was instructed at great length, at the instance of the appellants, and in many particulars more favorably to them than the law warrants. The supposed newly discovered evidence is merely cumulative upon points contested at the trial, and not conclusive. Krug v. Ward, 77 Ill. 603, and cases there cited, are but a part of the authorities in this State to the effect that such evidence is not a ground for a new trial. There is no error in the record and the judgment is affirmed.