# WABASH WESTERN RAILWAY COMPANY
## V.
## OSCAR J. FRIEDMAN.

*Railroad—Negligence—Personal Injuries—Broken Rail.*

1. The fact that an accident upon a railroad which caused the personal injury in a given case arose from a broken rail, imposes upon the defendant the burden of showing that it had used "the highest reasonable and practicable skill, care and diligence" as to "the fitness of the road."

2. The statement in the declaration in a given case that plaintiff was being carried from one place to another when injured is mere inducement, and the duty of the carrier to him, if he was lawfully a passenger at the place of the accident, was the same, if such statement was incorrect.

3. Stating when the plaintiff became a passenger and where he was to be carried, in no manner qualifies an averment that he was a passenger, being carried between points named, and proof showing that his journey began and was to end beyond such places, does not affect his condition as a passenger between them.

4. The rule that pleadings are to be construed most strongly against the pleader, applies when they are tested by demurrer, and for that reason on trial he is only required to prove them in the sense most favorable to himself.

5. While a surgeon may testify whether external violence, having a specified effect upon the person, may produce a given result, it is not competent for him to say that a described movement of a car and of the person of the patient, will or will not produce that specified effect upon his person.

6. Even matters of substance may be waived by putting, at the trial, the claim or objection upon a special ground, and thereby directing the attention of the court away from them.

7. When specific objections to the admission of testimony are untenable, other objections must be considered waived.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. GEORGE B. BURNETT and BLACK & FITZGERALD, for appellant.

Messrs. JAMES W. DUNCAN and PAGE, ELIEL & ROSENTHAL, for appellee.

GARY, J.   This is an action on the case by the appellee against the appellant, in which he has recovered $30,000 for injuries sustained by him through the alleged negligence of the appellant.   On the 1st day of May, 1888, about five o'clock in the morning, a sleeping car, run by the appellant, was, by reason of a broken rail, derailed and partly overturned, and the appellee, who was asleep in a berth in the car, thrown across the car into a berth opposite.

From that as a cause, he and his witnesses trace injuries which render the residue of the life of a business man, of the age of twenty-two years, then earning about $2,500 a year, pecuniarily of no value.   Add to that pecuniary loss the physical and mental pain and suffering, and no calculation can be made that will show that the damages exceed fair compensation.

The fact that the accident happened from a broken rail, imposed upon the appellant the burden of showing that it had used " the highest, reasonable and practicable skill, care and diligence " as to " the fitness of the road."   C. & A. R. R. v. Pillsbury, 123 Ill. 9; G. & C. U. R. R. Co. v. Yarwood, 15 Ill. 468.   The verdict of the jury is against it upon that issue, and it is justified by the evidence; and the verdict also settles the questions as to whether the appellee was riding upon a ticket he had once before used, and the cause and extent of his injuries.

In our view of the case, the discussion of three questions of law presented by the appellant, is all that our duty requires of us.

*First.*   The declaration avers, " and the said plaintiff, at said Kirksville, then became and was a passenger in a certain train of the said defendant, on the said railroad, to be carried, and was accordingly then being carried in the said train from Kirksville to said Glenwood Junction."   It is certain that he got upon the train at Moberly, and had a ticket from Moberly to Ottumwa, to which place he intended to go when he took passage, and after a little delay did go, by cars that had safely passed the broken rail.   Moberly and Ottumwa are places between which Kirksville and Glenwood Junction lie, and the accident occurred between the two last named places.   It is

said that this is a fatal variance; if it be, the error is in the record, for at the close of the testimony of the appellee, he being his own first witness, the appellant moved to strike out his testimony because of the variance, which, being denied, it excepted.  In this record is a feature which gives special importance to this point.  The appellant claims that he had once used the ticket in his possession over the whole route named in it, and was fraudulently using it again, so that it did not owe to him the duty of a carrier to a passenger; and thence it infers that the *termini* of his journey was intentionally and wrongly stated in the declaration, to mislead it as to the identity of the appellee.  We must treat the question as one of law, without regard to that inference.

It may be noticed, however, that nothing in the record indicates that it was misled; the trial ended November 25, 1890, and the motion for a new trial was pending until January 6th, following, and no showing was made of newly discovered testimony as to a fraudulent use of the ticket.

The action is not upon any contract but upon the common law duty.

The statement that he was being carried from one place to another was mere inducement—which, " in an action of assumpsit is in the nature of a preamble," (1 Chitty on Pleadings, 290,) and in tort a concise statement of "the circumstances which gave rise to the defendant's particular duty."  Ibid. 383.

A variance in the statement of the inducement has been often less regarded than in the statement of what constituted the *gravamen* of the action.  Plumleigh v. Cook, 13 Ill. 669.

Here the duty of the appellant toward the appellee, if he was lawfully a passenger at the place of the accident, was the same whether he was riding one mile or a hundred.

True, Chitty says that in a case against a carrier a variance in the statement of the *termini* of the journey will be fatal (1 Chitty on Pleadings, 385); but in the case referred to by him there was no variance.  Ditcham v. Chivis, 4 Bing. 706.

Almost at the same time that the Common Pleas was deciding that case, the King's Bench held (also holding that in fact there was no variance) that such variance was immaterial. Woodward v. Booth, 7 Barn. & C. 301.

And a few years later the Common Pleas in Gladwell v. Steggall, 8 Scott, 60, held that in an action by a child against a surgeon for malpractice, in which she alleged that she employed him, the fact that she did not, was immaterial. The ground of these last two decisions was that the breach of duty was the *gravamen* of the action.

If the words "became and" and "to be carried" were stricken out of the averment, it would remain (assuming that there was no fraud) literally true; and the proof being of more, but not qualifying what is alleged, would not constitute a variance; and whatever may be stricken out without changing the meaning of what is left, and still leave a ground of action, need not be proved. 1 Greenleaf on Ev., Secs. 51, 67. Stating when the appellee became a passenger and where he was to be carried, in no manner qualifies the averment that he was a passenger, being carried from Kirksville to Glenwood Junction; nor did proof that his journey began and was to end beyond those places affect his condition as a passenger between them. No case has been cited, nor have we found any, holding good such an objection as is here made, on the ground of variance.

*Second.* The declaration states the accident and that the appellee was thrown across the car, and then avers, "by means whereof, then and there, the spine and spinal column, including the spinal cord of the said plaintiff, became and were greatly bruised, hurt and injured, and the said plaintiff suffered and incurred an injury, of a kind known as concussion of the spine;" * * * "and also by means of the premises the said plaintiff then and there became and was sick, sore, lame and disordered, and so remained for a long time, to wit, thence hitherto."

The appellee admits that at the time of the trial and for a considerable time before, the technical name of the disease he then had is "myelitis." The medical witnesses say that is not "concussion," but "chronic inflammation" of the spine. Among the causes producing it, may be concussion of the spine.

Now the averment of the declaration is that at the time of

the accident the appellee "then and there * * * suffered and incurred an injury, of a kind known as concussion of the spine."

It is an averment of what then happened, not of subsequent effects.

The averment as to concussion might be stricken out, and still, under the other averments, all the effect of the accident upon the health of the appellee, which he alleged, might be proved. C., B. & Q. R. R. Co. v. Sullivan, 21 Ill. App. 580; Eagle Packet Co. v. Defries, 94 Ill. 603; Ehrgott v. Mayor, 96 N. Y. 264.

The rule cited by the appellant that pleadings are to be construed most strongly against the pleader, applies when they are tested by demurrer, and for that reason on trial he is only required to prove them in the sense most favorable to himself. "The minimum of allegation is the maximum required in proof." Francis v. Steward, 5 Adol. & El. (N. S.) 984.

The objection that there is a variance between the allegation and proof, of the nature of the injury, is without force.

*Third.* The appellee put to his medical witnesses a long hypothetical question, reciting the accident and the previous and subsequent condition of the appellee (on his version of the evidence), and concluding, "would you say that the accident did or did not produce the condition of which these are the symptoms?"

The first witness to whom that question was put, was one of the physicians who had several times examined the appellee. The appellant objected to the question upon the grounds that it was not supported by the evidence in the case, and that the witness was not a proper witness to answer a hypothetical question, as he had made frequent examinations of the person of the appellee.

The same question was put to other medical witnesses for the appellee, and objected to by appellant without specifying the grounds of objection. Neither of the grounds of objection to the question specified at the trial are now insisted upon, but it is urged that the conclusion of those witnesses that the accident produced, etc., is not warranted by the evidence as to

the manner of the accident, opposed as it is by the opinions of the medical witnesses examined upon the same question by the appellant. That was a question for the jury.

The form of the conclusion of the question was wrong, for many of the elements upon which the conclusion was to be reached were outside of the field covered by surgical science. While a surgeon may testify whether external violence having a specified effect upon the person may produce a given result, for that is a part of his science, it is not competent for him to say that a described movement of a car and of the person of the patient, will or will not produce that specified effect upon his person. This subject is discussed in Nat. G. L. & F. Co. v. Miethke, 35 Ill. App. 629.

But that objection was not made at the trial. A slight change in the form of the question, making the effect upon the person of the appellee (as in his view of the evidence it tended to prove) a part of the hypothesis, and calling upon the witness for his then opinion as a sworn witness at the trial, as to whether such specified effect upon his person might or might not account for his later condition, would have properly given to the appellee all the benefit he got by the question as put.

Even matters of substance may be waived by putting, at the trial, the claim or objection upon a special ground, and thereby directing the attention of the court away from them. In re Story, 20 Ill. App. 183; Sullivan v. People, 122 Ill. 385; C. & E. R. R. Co. v. Holland, 122 Ill. 461.

The two last cases are not in point as to the attention of the court being diverted by the special ground upon which an objection is put, but that a removable ground must be specified in order to make the objection available upon appeal. In the case cited from 35 Ill. App. the fatal question was, in effect, how did the gas get into the scrubber? which by no change could have been made competent.

Material, incompetent evidence, excepted to, is not error if objected to on special grounds other than the right one. "When specific objections are made to the admission of testimony, none of which are tenable, other objections must

be regarded as waived." Wickenkamp v. Wickenkamp, 77 Ill. 92.

Now when the hypothetical question was repeated to other witnesses and objected to generally, the court naturally inferred that the ground of objection to the question itself, was what had been specified at first, and that inference was, no doubt, correct.

The same reason that made the exclusion of the testimony offered in the Story case above cited, no error, applies to the admission of it here.

On the whole case there is no error and the judgment is affirmed.

*Judgment affirmed.*

WATERMAN, J., dissenting. The declaration in this case in each count charged that the plaintiff was a passenger on the defendant's road, to be carried from Kirksville to Glenwood Junction; the averment being, specifically, that the said plaintiff at said Kirksville then became and was a passenger in a certain train, etc., and was being carried from said Kirksville to said Glenwood Junction. The evidence was that the plaintiff was riding on a ticket which read, "from Moberly to Ottumwa;" that Kirksville lies between Moberly and Ottumwa, and Glenwood Junction is between Kirksville and Ottumwa. The question arises whether there was a variance between the allegation of the declaration and the proof. Such a variance as is insisted on here must be pointed out and insisted upon at the time of the trial, or advantage can not thereafter be taken of it. That was done in this case. Where a party is brought into court upon a suit calling upon him to pay the sum of $30,000, an amount which is a fortune to most men, and which but few people ever accumulate, it is the right of the defendant, as it is in every case, to have the declaration clearly set forth the grounds upon which such recovery is asked. This seems but reasonable, and as I am entirely confident, is in accordance with well established rules of law.

In Chitty's Pleadings, 16 Am. Ed., Vol. 1, p. 305, speaking

of declaration in actions of assumpsit, it is said:  " Great accuracy is required in the statement of the consideration, which in an action of assumpsit, forms the basis of a contract, and if any error appears to have been made in describing it, the consequence will be that the whole contract is misdescribed."

The reason for this is obvious, as all contracts rest upon a consideration, a promise without consideration being a mere *nudum pactum*, upon which no action can be based.

In actions on the case it frequently happens that the suit arises from some duty of the defendant, which it is said he failed to perform.  In such case the duty occupies the same relation to the suit that the consideration does in an action of assumpsit.  In Chitty's Pleadings, 16 Am. Ed., Vol. 1, p. 398, it is said:  "In an action on the case founded on an express or implied contract as against an attorney, agent, carrier, innkeeper or other bailee, for negligence, etc., the declaration must correctly state the contract, or the particular duty or consideration from which the liability results, and on which it is founded, and the variance in the description of a contract, though in an  action *ex delicto*, may be as fatal as in an action in form *ex contractu*.  The declaration in such case usually begins with a  statement of the particular profession or situation of the defendant and his retainer, and consequent duty or liability.   The declaration will be defective if it does not show that by express contract, or by implication of law in respect to the defendant's particular character or situation, etc., stated by the plaintiff, the defendant was bound to do, or omit the act, in reference to which he is charged."   And in the same volume of Pleadings, upon page 400, it is said:  "It is also a rule that if a necessary inducement of the plaintiff's right, etc., even in actions for torts, relate to and describe, and be founded on a matter of contract, it is necessary to be strictly correct in stating such contract, it being matter of description.   Thus, even in a case against a carrier, if the *termini* of the journey which was to be undertaken be misstated, the variance will be fatal.   Here the allegation in the inducement relates to matter of description."

In Stephens on Pleading, at page 124 of the Appendix, it is

said, after quoting a large number of authorities on the sub-
ject of variance: "It may be collected from the above
authorities that whenever a contract is described, a variance
will be equally fatal whether the action be upon the contract
itself or upon some collateral matter, or in form *ex delicto*."

The cases which sustain the rule are numerous. Among
them are Weall v. King, 12 East, 452, and McConnel v. Kibbe,
33 Ill. 475. It is imperative, in such an action as this, that the
declaration show a duty. Max v. Roberts, 12 East, 89.

The duty arises from the relation of the parties, the con-
tract which they entered into, and it is the right of the
defendant to be informed by the declaration or by a bill of
particulars from what it is that the duty is said to have arisen.
In actions such as this, in the great majority of instances, it
being established that the plaintiff was a passenger, and was
injured by an accident upon the defendant's road, there is no
question in the case save that of damages. Allegations, there-
fore, going to show that the plaintiff occupied the relation of
a passenger, are most vital, and the defendant has a right to
insist that before going to trial he is informed how it was that
such relations came about. In effect the defendant is said to
have undertaken to safely carry the plaintiff. The defendant
has, therefore, a right to know what it was that the plaintiff
did, what payment, promise or undertaking he made, by which
this promise on the part of the plaintiff was created, and the
consequent duty imposed. Had the plaintiff in this case not
stated where he became, or at what place and between what
points he was, a passenger, the defendant would have been
entitled to a bill of particulars giving such information. But
the plaintiff having stated where he became a passenger, and
between what points he was a passenger, the defendant had a
right to rely thereon, and prepare his case for trial accordingly.
The variance, therefore, is not concerning an immaterial mat-
ter, but in relation to one vital to the issue in the case, for at
the very threshhold of the trial the question necessarily arises
whether the defendant ever, for hire, as is charged, and as
must be proved, was a carrier of the plaintiff upon its rail-
way. In other words, was the plaintiff a passenger, toward

whom, by reason of his having paid, or undertaken to pay, a certain remuneration, the defendant owed a duty.

It therefore seems to me that there was a fatal variance between the plaintiff's declaration and evidence, a variance to which particular attention was called upon the trial and which he could at once have removed by amendment; and that the instruction of the court that "if it appear from the evidence that the plaintiff was a passenger on the train of the defendant between the points mentioned, traveling from a point south of said Kirksville to a point beyond Glenwood Junction, then the averment in the plaintiff's declaration is sufficiently made out," should not have been given. I am of the opinion that the judgment in this case should be reversed, and the cause remanded for a new trial.