THE PEORIA, DECATUR & EVANSVILLE RAILWAY COMPANY

v.

WILLIAM S. RICE.

*Railroads—Personal Injuries—Weight of Evidence—Measure of Damages—Power of Court to Compel Plaintiff to Submit to a Personal Examination by Surgeons.*

1.  In an action brought by appellee against appellant to recover damages sustained by jumping off a bridge to escape a train on defendant's road, *held*, that the evidence showed that the defendant's engineer was guilty of negligence and that plaintiff exercised ordinary care.  Two juries having found an amount of damages commensurate with plaintiff's claim that he had been permanently injured, this court declines to disturb the judgment on the ground of excessive damages.

2.  Upon the case presented, the court below properly refused an application of defendant to compel plaintiff to submit to a personal examination by surgeons in the employ of defendant.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Logan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. STEVENS & HORTON and BLINN & HOBLIT, for appellant.

Messrs. A. G. JONES and BEACH & HODNETT, for appellee.

MR. JUSTICE WALL.  The appellee recovered a judgment against appellant for $5,000, for injuries sustained by jumping from a bridge on appellant's road.  Appellee was a section foreman and was directed to make some repairs to the bridge.  Knowing a freight train was due to pass very soon the appellee sent a man to flag it.  The man went accordingly something over a mile from the bridge and gave the signal, but it was not observed by the engineer and the train approached the bridge at the usual speed.  Seeing that it was not likely to stop or slacken speed, the appellee and the men with him made haste to adjust the part of the bridge which was being repaired and to get the hand car and the materials thereon out of the way, but the train pressed him so closely that he jumped off when near the end of the bridge and fell some ten or twelve feet, landing on the stones, etc., below.  He was a very large fleshy man and claims that he was ruptured by the fall and that he is permanently injured.

We have examined the evidence and the printed argu-

ments with great care and will state briefly the conclusions reached :

1st.   The evidence supports the averment that the injury sustained was the direct result of the negligence of the engineer in charge of the freight train.

2d.   It sufficiently appears that appellee was in the exercise of ordinary care, and while it may be that if he had not attempted to save the hand car and had either climbed down the bridge timbers to the ground or had clung to the end of the cap, he would have been uninjured, yet he acted as most men of ordinary nerve and judgment would have done under the circumstances.

3d.   Appellee and the engineer were not fellow-servants.

It follows that the appellant was liable and the only question of fact which is really troublesome is as to the measure of damages. The case has twice been tried. On the first trial the plaintiff recovered a verdict for five thousand dollars.   On the second trial the verdict was for eight thousand dollars, of which, upon the suggestion of the court, the plaintiff remitted three thousand, and thereupon the court overruled the motion for a new trial and rendered the present judgment.   The sole and only point in dispute as to this branch of the case is whether the plaintiff's injury is permanent, and this is dependent on whether it is really a case of hernia.   Medical testimony was submitted to the jury, and it was not harmonious.   The jury might have concluded either way, but if they gave credit to the plaintiff's testimony as to his physical sensations and inability to work, or to use any muscular force in lifting, etc., they had sufficient reason to conclude there was hernia and permanent disability.   We find no little difficulty in weighing the testimony and in reaching a satisfactory conclusion from reading the evidence as presented in the abstracts, but we have no doubt that one who could see the witnesses and hear the testimony orally could arrive at a conclusion confidently believed to be right.   The plaintiff is disabled, as he says, or he is putting off a gross fraud; after he has twice obtained a verdict and the court hearing the evidence has

permitted the second verdict to stand, less the sum remitted, we do not feel disposed to interfere upon this point. The court refused to require the plaintiff to submit to a personal examination by a board of physicians named by defendant, and this is assigned for error. Two of the physicians named had examined him and he had been examined by another who was the chief surgeon of defendant's road. He had been examined at a former term of court on the order of the court by two physicians. This application was made at the close of plaintiff's evidence, and it was proposed to conduct the examination by certain surgeons named by defendant. Manifestly the court was not bound to suspend proceedings for such purpose, and as manifestly, it would not necessarily compel the plaintiff to submit to an examination by surgeons selected by the defendant. The abuse and unfairness possible under such conditions are too obvious to require comment. In Parker v. Enslow, 102 Ill. 272, it was said the court has no power to make or enforce an order requiring a party to submit to a personal examination and such has been the ruling of many other courts; but the authorities are not in harmony. In C. & E. R. R. Co. v. Holland, 122 Ill. 461, the court said the question need not be determined because there had been ample examination by three of the defendant's physicians. Upon the general ground as held in 102 Ill., and for the special reasons stated, we think the court committed no error in refusing the request made by the appellant in this instance.

Counsel for appellant urge upon us that the court erred in giving instructions for the plaintiff and in refusing some asked by defendant. We think the criticisms of plaintiff's instructions are quite too refined and technical and they relate to matters upon which we hold there is so little room for debate that we can not suppose the case of defendant was thereby prejudiced; for example, the supposed assumption in the first instruction, that plaintiff was necessarily upon the hand car and that he was compelled to jump. Reading the whole instruction we think it does not so assume.

It is also suggested that it assumes there was negligence by the engineer, but upon reading it all we find this is not assumed but stated hypothetically. We regard it as not necessary to state in detail all the objections thus suggested by counsel. After carefully considering all we find nothing substantial. And so of the instructions refused. We find the court gave all that the case required, and that the essential parts of those refused so far as proper to be stated to the jury are embraced in others that were given.

Our conclusion is that there is no such error in the record as to require or justify a reversal of the judgment and it will therefore be affirmed.

*Judgment affirmed.*