A. G. COYKENDALL

v.

GRADLE & STORTZ.

*Attachment—Writ of Error by One of Two Defendants—Error as to Other Defendant Immaterial—Instructions—Fraud.*

A complaint of instructions to the jury, in a case of attachment, that they authorized a finding against both of two defendants, if the evidence showed that either had been guilty of fraud, can not be complained of on a writ of error sued out by the defendant against whom the evidence was strongest, as he could not have been injured by such instructions.

[Opinion filed July 5, 1892.]

IN ERROR to the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. J. S. WINTER and WALKER & CROSSTHWAIT, for plaintiff in error.

Messrs. GRANT & CHIPERFIELD, for defendants in error.

MR. JUSTICE BOGGS.   In this case in the Circuit Court of Fulton County a judgment in attachment was rendered in favor of the defendants in error, and against the plaintiff in error and one Leon Messler as partners, under the firm name and style of Messler & Coykendall.   The allegations of the attachment affidavit were traversed, and the issues thus formed submitted to a jury and decided in favor of defendants in error.   A judgment in attachment against

both Messler and Coykendall followed, to reverse which Coykendall alone prosecutes this writ of error, Messler having formally released all errors as to himself.

The complaints as to the instructions given by the court, aside from such as are directed to mere verbal inaccuracies, not affecting the sense of the instruction, is that they might be construed to warrant the jury in finding both members of the firm guilty of the fraud charged in the affidavit, if the evidence was sufficient to show such guilt upon the part of either member. We have carefully read the testimony and the argument of counsel, and think the judgment is well sustained as to both the defendants below. The participation of Messler in the alleged fraudulent acts, relied upon as ground for attachment, is not so clearly shown as is that of the plaintiff in error, yet we think it sufficiently proven. If there was error in the instruction in the respect named, the effect would be injurious only to Messler, and of that he alone can complain. He does not complain, and plaintiff in error can not complain for him. The record in the case is voluminous, and a recital of the facts would be of no benefit to the parties or the profession. We content ourselves, therefore, with the expression of the opinion that the evidence as to the plaintiff in error fully justified the verdict and judgment, and that the instructions are not objectionable in any respect to the injury of plaintiff in error.

The judgment must be affirmed.

*Judgment affirmed.*