## Chicago City Railway Co. v. Joseph E. McMeen.

1. VENUE—*In Transitory Actions.*—In transitory actions the place at which the facts out of which the cause of action arose is immaterial and need not be proven as alleged, and a suit for personal injuries can not be defeated on the ground the venue is laid in the wrong county.

2. PLEADINGS—*Amended Counts, When Not Amenable to the Statute of Limitations.*—In an action for personal injuries, where the cause of action is negligence of a railroad company and the consequent injury to the plaintiff, an amended count which states a different place at which the injury took place, is not a statement of another cause of action, and is not amenable to a plea of the statute of limitations.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

Statement.—This action was begun the 6th of January, 1892, by appellee against appellant, for personal injuries alleged to have been received by him on the 28th day of September, 1891, while a passenger upon a street car belonging to and operated by appellant.

The original declaration alleged that the defendant "was possessed of, using and operating a certain street railroad, extending through the said city of Chicago from the corner of State and Lake streets, in said city, and southward along the said State street to Sixty-seventh street, and beyond, in the county aforesaid; that at the said corner of State and Lake streets aforesaid, on the day aforesaid, he then became a passenger on a certain train of the defendant, on the said railroad then and there running on said State street, to be carried as said passenger, and was then and there accordingly carried on the said train from thence southward to a point in the block between Thirty-eighth and Thirty-ninth streets, on said State street aforesaid, for a certain reward to the said defendant; that while the said train upon which plaintiff was a passenger was standing in the middle of the block aforesaid, on the day aforesaid, and while the plaintiff, with all due care and diligence, was seated in the said car on

the said train waiting for the same to be moved forward, the defendant then and there carelessly and negligently so managed and controlled a certain other one of its trains running upon the track in the rear of the one upon which this plaintiff was a passenger, that the same ran into the rear end of and struck the standing car in which the plaintiff was seated, with great force and violence, and thereby the plaintiff was then and there thrown with great violence and force from and off the seat upon which he was seated, · upon the seat in front of him," and he thereby received the injuries of which he complains. To this declaration the defendant filed a plea of the general issue.

October 1, 1896, the plaintiff filed an amendment to the declaration. The declaration as amended charged that the plaintiff was a passenger on the Cottage Grove avenue line and the place of accident and injury between Thirty-eighth and Thirty-ninth streets on Cottage Grove avenue. The cause and manner of the accident were the same as first alleged; the place of the accident, the train upon which he was and the train by which the accident was caused were different.

Appellee testified that the difference between the place on the State street line, described in the first declaration, and the place on the Cottage Grove avenue line described in the declaration as amended, is about a mile.

To the declaration as amended appellant filed the general issue and also a plea of the statute of limitations.

To the plea of the statute of limitations appellee filed two replications, the first of which tendered issue upon the allegation of the plea that the cause of action therein mentioned did not accrue to the plaintiff at any time within two years next before the commencement of this suit, to wit, the filing of said declaration as amended; and the second alleged that the plaintiff ought not to be barred from maintaining his suit upon the declaration, as amended, " because he says, that the said several causes of action, and each and every of them, in the said amended declaration mentioned, are the same causes of action, and no other, than the said causes of action in the original declaration mentioned.

And this the plaintiff prays may be inquired of by the country."

November 20, 1900, the plaintiff, by leave of court, amended his second replication by striking out the words. "this the plaintiff prays may be inquired of by the country," and inserting in lieu thereof the words, "this the plaintiff is ready to verify."

To this appellant filed a demurrer, which was overruled; appellant abided by its demurrer. The case was tried on the issues presented by the other pleadings, and a verdict and judgment were rendered against appellant for $1,000. From the judgment this appeal is prosecuted.

WM. J. HYNES, EDWARD C. HIGGINS and WATSON J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

GRAHAM H. HARRIS, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is insisted that the cause of action stated in the declaration first filed is not the same as that set forth in the amended *narr*.

The respective pleadings are variant as to the statement of the place of the accident (negligence), and therefrom, necessarily, as to the mismanagement of the particular object (train) by which the accident and injury were caused. The cause of action in each pleading is negligence on the part of the defendant and consequent injury to the plaintiff.

It is necessary that affirmative pleadings should contain a venue (place) where each traversable fact is said to have occurred. Gould on Pleadings, Sec. 102.

This rule arose out of the desire for, as well as from the rule requiring, certainty in pleading. There was anciently, also, another reason for its existence. The litigation out of which the common law arose was largely as to matters concerning which the neighbors of the litigants had knowledge or acquaintance which made them better judges than strangers, of the merits of the controversy. The maxim of

Chicago City Ry. Co. v. McMeen.

the common law, " *Maxime Vicini Vicinorum facta prae-sumuntur scire*," required that jurors should be selected from the neighborhood wherein the disputed facts were alleged to have happened.

There soon grew up a distinction between things local and things transitory; *i. e.*, between local and transitory actions.

Mere debts, promises to pay money, were held to have no status; to be obligations existing in all places. "*Debitum et contractus sunt nullius loci*." As a rule, actions *ex delicto*, in which mere personalty is recoverable, are at common law transitory. This is because they are founded on violations of right, which, in contemplation of law, have no locality. Gould on Pleadings, Sec. 112.

In transitory actions the place at which the facts out of which the suit has arisen is immaterial and need not be proved as alleged; and a suit of this kind can not be abated or defeated on the ground that the venue is laid in the wrong county. Gould on Pleadings, Sec. 132; Owen v. McKean, 14 Ill. 459; Reed v. Walker, 52 Ill. 333–335; St. Louis, J. & Chicago Ry. Co. v. Thomas, 47 Ill. 116.

All that is set forth in the original declaration as to the accident having happened on State street, between Thirty-eighth and Thirty-ninth streets, might have been omitted therefrom without affecting the cause of action *absque hoc* therein stated, because the action is transitory and the place at which it arose immaterial. (Chicago West Division Ry. Co. v. Mills, 105 Ill. 63.) Did the plaintiff, by setting forth with unnecessary particularity the place where the negligence happened and he was injured, so make such statement a part of his cause of action that an amendment or a new count omitting this is a declaration upon another cause of action? Is the amended count, setting forth another place as that of the accident, a statement of a new cause of action and amenable to the statute of limitations?

Matter of inducement may sometimes be so pleaded as to require proof thereof on trial. Wabash Ry. Co. v. Friedman, 46 Ill. App. 270.

The question here presented is not whether the plaintiff would, upon trial, have been obliged to prove the matter of inducement unnecessarily alleged, but whether such inducement, by being alleged, became a part of the cause of action. Such was not the question before the court in Wabash Ry. Co. v. Friedman, 41 Ill. App. 270. Same v. same, 146 Ill. 583.

Upon the trial of that cause the defendant objected to the testimony offered upon the ground that there was a variance between it and the declaration. This objection was overruled and the testimony admitted. The court also refused to give an instruction asked by the defendant upon this subject.

The Supreme Court said that "there was a variance between the proof and the declaration, and the court erred in the admission of the evidence and in the modification of defendant's instruction."

We are not now considering whether the plaintiff, under his original declaration, would not have been compelled to prove that the accident happened, as therein alleged, on State street. The cause of action in this case is the negligence of appellant and the consequent injury to appellee; that was charged in the first declaration. A restatement or a new statement of the place at which the injury took place is not a statement of another cause of action. Stearns v. Reidy, 33 Ill. App. 246–249; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416–426; North Chicago Ry. Co. v. Monka, 107 Ill. 340; Mitchell v. Milholland, 106 Ill. 175; Dickson v. C., B. & Q. Ry. Co., 81 Ill. 215.

The place at which slanderous words are spoken need not be proven as alleged. (Owen v. McKean, 14 Ill. 458.) The place at which an assault and battery took place is not material and need not be proven as charged. Hurley v. Marsh, 1 Scam. 329.

The judgment of the Superior Court is affirmed.